1  Robert Tauler (SBN 241964)
2  Matthew J. Smith (SBN 240353)
   Tauler Smith LLP
3  11111 Santa Monica Blvd., Suite 500
   Los Angeles, California 90025
4  Telephone: (310) 746-5601
   rtauler@taulersmith.com
5
6  Attorneys for Plaintiff
   NUTRITION DISTRIBUTION LLC
7
8
                 **UNITED STATES DISTRICT COURT**
9
                 **SOUTHERN DISTRICT OF CALIFORNIA]**
10
11
12 | NUTRITION DISTRIBUTION LLC,      | **CASE NO.** '16CV1932 W   JMA
   | an Arizona Limited Liability
13 | Company,
                                      | **COMPLAINT FOR FALSE
14 |         Plaintiff,                 ADVERTISING IN VIOLATION OF
                                        THE LANHAM ACT § 42 (a)(1)(B))**
15 | vs.
16                                    | **[DEMAND FOR A JURY TRIAL]**
   | CHAOS AND PAIN, LLC, an
17 | Alabama limited liability company,
   | and DOES 1 through 10, inclusive,
18
   |         Defendants.
19

COMPLAINT

Plaintiff Nutrition Distribution, LLC, dba Athletic Xtreme ("Plaintiff"), by and through its undersigned attorneys, submits this Complaint against defendant Chaos and Pain, LLC ("Chaos & Pain" or "Defendant"), and in support thereof, avers as follows:

## INTRODUCTION

1. This is a civil action arising out of Chaos & Pain's false and misleading advertising with respect to several products on its website. For example and without limitation, Chaos & Pain is unlawfully advertising, marketing, distributing, and offering for sale Selective Androgen Receptor Modulators ("SARMs"), such as Ostarine (also known as MK-2866), Ligandrol (also known as LGD-4033) and Endurobol (also known as GW-1516) (collectively, the "SARMs Products"). SARMs, like the SARMs Products, are synthetic drugs intended to have effects similar to those of illegal anabolic steroids.

2. On its website and through other promotional materials, Chaos & Pain touts the numerous purported health and physical benefits of its various SARMs Products. For example and without limitation, Defendant represents to consumers that SARMs are "intended to act like androgenic drugs (anabolic steroids), but they lack the negative side effects of anabolic [steroids]." With regard to Ligandrol, Defendant claims that "in spite of its positive effects on muscle mass, no testicular atrophy or prostate swelling occurs – it is entirely without the negative effects reported by steroid users." With regard to Endurobol, Defendant states that "[a]lthough it had been investigated as a potential treatment for obesity, diabetes, dyslipidemia and cardiovascular disease, GW-5016 most significant effect is that it significantly increases exercise endurance in animal studies." In addition, Defendant claims that "MK-2866 [Ostarine] is the most anabolic of any SARMs and is perfect for people whose primary goal is gaining lean muscle." Notably, Defendant has specifically marketed, and on information and believe continues to market, its SARMs Products as "dietary supplements" to body builders, gym users, fitness enthusiasts and athletes, promising these consumers numerous purported benefits without any of the "negative side effects of anabolic [steroids]."

**FIRST AMENDED COMPLAINT**

3. However, SARMs Products are not safe for human consumption. Indeed, medical experts have opined that products containing SARMs "have *many recognized potential serious side effects*, including hepatoxicity (liver damage), and markedly lower plasma HDL cholesterol (raising the risk of heart disease)," and may have even more serious consequences that are currently unknown. In fact, clinical trials regarding Endurobol were abandoned by GlaxoSmithKline in 2007 because animal testing showed that the drug *caused cancer to develop rapidly in several organs*. Also, while currently the subject of phase II clinical trials, medical experts have emphasized that there is "*no evidence that Ostarine is safe for humans to consume*." Thus generally, medical experts have concluded that the sale of products containing SARMs, such as the Defendant's SARMs Products, are "*highly dangerous to public safety*." (Emphasis added throughout this paragraph.)

4. Moreover, Defendant fails to disclose that SARMs are specifically prohibited for use in sporting events by the World Anti-Doping Agency and the U.S. Anti-Doping Agency, despite the fact that Defendant specifically markets its SARMs Products to body builders and other competitive athletes.

5. Accordingly, it is clear that Defendant's SARMs Products are not recognized as safe and effective for any of the uses suggested by Defendant and may pose significant health and safety risks to consumers.

6. Defendant has knowingly and materially participated in a false and misleading advertising campaign to promote and sell its products containing SARMs. Defendant's continuing false, misleading, illegal and deceptive practices have violated the Lanham Act and have unjustly enriched Defendant at the expense of Plaintiff, and have caused Plaintiff extensive and irreparable harm, including but not limited to, loss of revenue, disparagement and loss of goodwill.

7. Among other things, this action seeks to enjoin Defendant from the marketing and sale of any and all products containing Ostarine, Ligandrol or Endurobol

**FIRST AMENDED COMPLAINT**

and/or any other SARMs, as Defendant is illegally and falsely marketing such products in violation of the Lanham Act.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. 1332 (diversity jurisdiction) because Plaintiff asserts causes of action arising under federal law and the parties are citizens of different states and the controversy exceeds the value of $75,000.

9. This Court has personal jurisdiction over Chaos & Pain because Defendant has, directly or through its intermediaries (including distributors, retailers, and others), developed, licensed, manufactured, shipped, distributed, offered for sale, sold and advertised its nutritional supplement products in the United States, the State of California and this district, including but not limited to, the SARMs Products and/or other products containing SARMs. Defendant has purposefully and voluntarily placed these products into the stream of commerce with the expectation that they will be purchased in this district.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions which gave rise to the claim occurred in this district. *Allstar Marketing Group, LLC v. Your Store Online*, LLC, 666 F. Supp. 2d 1109, 1128 (C.D. Cal. 2009). Alternatively, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(3).

## PARTIES

11. Plaintiff Nutrition Distribution, LLC, dba Athletic Xtreme ("Plaintiff") is an Arizona limited liability company with its principal place of business at 14215 N. 8th Pl., Phoenix, Arizona, 85022.

12. Defendant Chaos & Pain, LLC is an Alabama limited liability company, which lists 58 Rockin Tree Road, Leeds, Alabama 35094 as its principal business address.

13. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1-10, inclusive, and therefore sued these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

## FACTUAL ALLEGATIONS

14. The nutritional supplement industry is one of the fastest growing and most lucrative in the United States. A recent Forbes article estimates that nutritional supplement sales accounted for $32 billion in revenue in 2012 and predicts this number to grow to $60 billion within ten years. The growth and size of the nutritional supplement market and the relatively low barriers to entry provide perverse incentives for unfair competition prohibited by the Lanham Act and other illegal activity.

### Plaintiff Nutrition Distribution & "Advanced PCT"

15. Plaintiff is a cutting edge sports supplement manufacturer and marketer. From its inception, Plaintiff was a leader in the nutritional supplement market, specifically for bodybuilding.

16. Plaintiff has products in several categories of body building products, including pre-workouts, muscle-gainers, fat burners and male performance enhancement.

17. Around 2008, Plaintiff began developing a new product in the muscle-gainer sub-market of the nutritional supplement world.

18. After devoting its resources for over a year on product development and testing, Plaintiff introduced "Advanced PCT" in July 2009.

**FIRST AMENDED COMPLAINT**

**Defendant Chaos & Pain And Its SARMs Products**

19. Defendant is a competing nutritional supplement company based in Alabama.

20. On its website and through other promotional materials, Chaos & Pain touts numerous purported health and physical benefits of its various SARMs Products. For example and without limitation, Defendant represents to consumers that SARMs are "intended to act like androgenic drugs (anabolic steroids), but they lack the negative side effects of anabolic [steroids]." With regard to Ligandrol, Defendant claims that "in spite of its positive effects on muscle mass, no testicular atrophy or prostate swelling occurs – it is entirely without the negative effects reported by steroid users." With regard to Endurobol, Defendant states that "[a]lthough it had been investigated as a potential treatment for obesity, diabetes, dyslipidemia and cardiovascular disease, GW-5016 most significant effect is that it significantly increases exercise endurance in animal studies." In addition, Defendant claims that "MK-2866 [Ostarine] is the most anabolic of any SARMs and is perfect for people whose primary goal is gaining lean muscle." Notably, Defendant has specifically marketed, and on information and believe continues to market, its SARMs Products as "dietary supplements" to body builders, gym users, fitness enthusiasts and athletes, promising these consumers numerous purported benefits without any of the "negative side effects of anabolic [steroids]."

21. However, the SARMs Products are not safe for human consumption. Indeed, medical experts have opined that products containing SARMs "have *many recognized potential serious side effects*, including hepatotoxicity (liver damage), and markedly lower plasma HDL cholesterol (raising the risk of heart disease)," and may have even more serious consequences that are currently unknown. In fact, clinical trials regarding Endurobol were abandoned by GlaxoSmithKline in 2007 because animal testing showed that the drug *caused cancer to develop rapidly in several organs*. Also, while currently the subject of phase II clinical trials, medical experts have emphasized

**FIRST AMENDED COMPLAINT**

that there is "*no evidence that Ostarine is safe for humans to consume*."  Thus generally, medical experts have concluded that the sale of products containing SARMs, such as the Defendant's SARMs Products, are "*highly dangerous to public safety*."  (Emphasis added throughout this paragraph.)

22.  Accordingly, it is clear that Defendant's SARMs Products are not recognized as safe and effective for any of the uses suggested by Defendant and likely pose significant health and safety risks to consumers.

23.  Defendant has falsely marketed and advertised its SARMs Products by touting the ability of such products to give consumers the massive physical gains often associated with illegal steroids all while avoiding the dangerous side effects of such drugs.  Such claims give consumers a false sense of security regarding the safety of the SARMs Products.  In reality, Chaos & Pain and its executives knew all along that their products (i) are not recognized among experts as safe and effective for use under the conditions suggested by Defendant and (ii) pose significant health and safety risks to consumers.

24.  Defendant's false advertising is harmful to the marketplace for dietary and nutritional supplements, as well as to the health of individual consumers.  Defendant has created an illegitimate marketplace of young bodybuilders who will gain muscle at all costs, but who are not informed of the dangers of Defendant's SARMs Products.  Users of such products have little incentive to use a natural product like Advanced PCT until they are hurt or the SARMs Products are taken off the shelves.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

**(False Advertising in Violation of Section 43(a)(1)(B) of the Lanham Act)**

25.  Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

**FIRST AMENDED COMPLAINT**

26. Defendant has purposely made false and misleading descriptions of fact concerning the nature, characteristics and qualities of the SARMs Products and other products containing SARMs, including marketing and mislabeling such products as having limited or no side effects.  For example, Defendant represents to consumers that SARMs are "intended to act like androgenic drugs (anabolic steroids), but they lack the negative side effects of anabolic [steroids]."

27. However, it is not at all clear that the SARMs Products are the least bit safe for human consumption, especially without the supervision of a physician.  Indeed, medical experts have opined that products containing SARMs "have ***many recognized potential serious side effects***, including hepatoxicity (liver damage), and markedly lower plasma HDL cholesterol (raising the risk of heart disease)," and may have even more serious consequences that are currently unknown.  In fact, clinical trials regarding Endurobol were abandoned by GlaxoSmithKline in 2007 because animal testing showed that the drug ***caused cancer to develop rapidly in several organs***.  Also, while currently the subject of phase II clinical trials, medical experts have emphasized that there is "***no evidence that Ostarine is safe for humans to consume***."  Thus generally, medical experts have concluded that the sale of products containing SARMs, such as the Defendant's SARMs Products, are "***highly dangerous to public safety***."  (Emphasis added throughout this paragraph.)

28. The use of such falsely marketed substances has the tendency to deceive a substantial segment of the public and consumers, including those in this district, into believing that they are purchasing a product with different characteristics.

29. The deception is material because it is likely to influence a consumer's purchasing decision, especially if the consumer is concerned about the consequences of taking steroids or illegal substances.

**FIRST AMENDED COMPLAINT**

30. Defendant has introduced its false and misleading statements into interstate commerce via marketing and advertising on various websites and shipment of its products into interstate commerce containing false and misleading advertising.

31. Plaintiff has suffered both an ascertainable economic loss of money and reputational injury by the diversion of business from Plaintiff to Chaos & Pain and the loss of goodwill in Plaintiff's products. Indeed, Chaos & Pain's conduct is a black eye on the industry as a whole and has the tendency to disparage Plaintiff's products and goodwill.

32. Defendant's actions, as described above, constitute false and misleading descriptions and misrepresentations of fact in commerce that, in commercial advertising and promotion, misrepresent the nature, characteristics and qualities of Defendant's products in violation of Section 43(a)(1)(B) of the Lanham Act.

## PRAYER

Wherefore, Plaintiff Nutrition Distribution LLC prays for judgment against Defendant Chaos and Pain, LLC as follows:

1. For preliminary and permanent injunctive relief enjoining Defendant from producing, licensing, marketing and selling any product containing any SARMs, including, without limitation, the SARMs Products;
2. For an award of compensatory damages to be proven at trial in accordance with 15 U.S.C. § 1117;
3. For an award of any and all of Defendant's profits arising from the foregoing acts in accordance with 15 U.S.C. § 1117 and other applicable laws;
4. For restitution of Defendant's ill-gotten gains;
5. For treble damages in accordance with 15 U.S.C. § 1117;
6. For punitive damages;

**FIRST AMENDED COMPLAINT**

7. For costs and attorneys' fees; and

8. Any other relief the Court may deem appropriate.

DATED: July 30, 2016                TAULER SMITH LLP


By: ___/s/ *Robert Tauler* _____
     Robert Tauler
     NUTRITION DISTRIBUTION LLC

**FIRST AMENDED COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: July 30, 2016                TAULER SMITH LLP


By: ___/s/ *Robert Tauler* _____
Robert Tauler
NUTRITION DISTRIBUTION LLC

**FIRST AMENDED COMPLAINT**